**E-FILED on** 4/23/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUN-WEN LU,<br><br>              Plaintiff,<br><br>      v.<br><br>UNUM GROUP,<br><br>              Defendant. | No. 5:09-CV-03080 RMW<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO RE-OPEN CASE<br><br>**[Re Docket No. 110]** |

On January 9, 2012, the court granted defendant Unum Group's unopposed motion for summary judgment and entered judgment against plaintiff Yun-Wen Lu. On March 27, 2012, plaintiff, who is proceeding *pro se*, filed a "request to re-open," explaining that she had been particularly ill in the months preceding the issuance of the judgment and had therefore been unable to "manage the case." Dkt. No. 110.

Under Fed. R. Civ. P. 60(b), a party may move for relief from a final judgment based on six enumerated grounds, including "mistake," "excusable neglect" and "newly discovered evidence." *See* Fed. R. Civ. P. 60(b)(1)-(6). Here, plaintiff does not allege facts supporting any of the grounds for relief under Rule 60(b). While plaintiff indicates that she was hospitalized in January and February 2012, she fails to explain how her illness prevented her from filing *any* opposition to defendant's motion for summary judgment when it was due in December 2011 or otherwise

ORDER DENYING PLAINTIFF'S REQUEST TO RE-OPEN CASE—No. 5:09-CV-03080 RMW
EDM

resolving this case. This failure is particularly troubling because the court granted plaintiff numerous illness-related continuances in order to allow her to prepare an opposition and referred the case twice to mediation without success. *Compare Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (illness of plaintiff's counsel constituted excusable neglect where illness was sudden and unexpected). Furthermore, as plaintiff does not challenge the court's finding that defendant's discontinuance of her disability benefits was reasonable, re-opening this case would accomplish little but consuming more of the court's and parties' time and resources. Thus, while the court is extremely sympathetic to plaintiff's condition, it is clear that all parties would be best served by putting this litigation to rest. Accordingly, plaintiff's request to re-open is denied.

It is so ordered.

DATED:      April 23, 2012

RONALD M. WHYTE
United States District Judge