**E-FILED on** 9/7/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUN-WEN LU,<br><br>    Plaintiff,<br><br>    v.<br><br>UNUM GROUP,<br><br>    Defendant. | No. 5:09-CV-03080 RMW<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO RE-OPEN CASE<br><br>**[Re Docket No. 118]** |

On January 9, 2012, the court granted defendant Unum Group's unopposed motion for summary judgment and entered judgment against plaintiff Yun-Wen Lu. The basis for the court's ruling was that defendant had reasonably concluded that plaintiff's disability was primarily based on mental illness or self-reported symptoms, and that her benefit payments were thus subject to a 24-month cap. *See* Dkt. No. 108 at 6.

On March 27, 2012, plaintiff filed a "request to re-open," explaining that she had been particularly ill in the months preceding the issuance of the judgment and had therefore been unable to "manage the case." Dkt. No. 110. On April 23, 2012, the court denied plaintiff's request, noting that she had not explained why her illness had prevented her from filing an opposition motion and that she had previously been granted numerous illness-related continuances. More importantly, the court found that because "plaintiff does not challenge the court's finding that defendant's

ORDER DENYING PLAINTIFF'S REQUEST TO RE-OPEN CASE—No. 5:09-CV-03080 RMW
EDM

1  discontinuance of her disability benefits was reasonable, re-opening this case would accomplish
2  little but consuming more of the court's and parties' time and resources. Thus, while the court is
3  extremely sympathetic to plaintiff's condition, it is clear that all parties would be best served by
4  putting this litigation to rest." Dkt. No. 114.

On June 27, 2012, plaintiff filed a letter with the court stating that her repeated hospitalizations had prevented her from filing an opposition to defendant's summary judgment motion. Dkt. No. 118. She also indicated that she did not know why her mental illness was "so explicitly discussed in summary judgment," because "this case is for pursuing my physical disability." *Id.* Apparently in support of her claim that she suffers from a physical disability, rather than a mental one, plaintiff attached a letter from a doctor dated November 2, 2011, stating that plaintiff "was diagnosed to have severe fibromyalgia and was also not doing well mentally and therefore was sent to El Camino Hospital ... for anxiety and depression." *Id.*, Ex. E.

The court construes plaintiff's letter as another Rule 60(b) motion to re-open the case. As noted in the court's previous order, under that rule, a party may move for relief from a final judgment based on six enumerated grounds, including "mistake," "excusable neglect" and "newly discovered evidence." *See* Fed. R. Civ. P. 60(b)(1)-(6). Again, the court finds that plaintiff has not provided any information to justify re-opening this case. The court did not base its summary judgment ruling on the fact that plaintiff failed to file an opposition. In fact, the court specifically noted that it was mindful of plaintiff's *pro se* status and therefore undertook its own careful review of the record. *See* Dkt. No. 108 at 8. In addition, the court considered plaintiff's claim that she suffered from a physical disability, but found that defendant could reasonably have credited the opinions of at least eight physicians, several of whom treated plaintiff directly, who indicated that her disability was primarily based on mental illness, self-reported symptoms, or both. *See id.* Thus, even if the letter from plaintiff's physician is "newly discovered evidence" suggesting that plaintiff suffers from an objectively verifiable physical disability (which it does not appear to do), it would not change the outcome of this case because defendant could reasonably rely on other sources in determining plaintiff's eligibility for benefits. *See, e.g., Rosenthal v. First UNUM Life Ins. Co.*, No. 00-3204, 2002 WL 975627, *7 (S.D.N.Y. May 9, 2002) (holding that it was not an abuse of discretion to deny

ORDER DENYING PLAINTIFF'S REQUEST TO RE-OPEN CASE—No. 5:09-CV-03080 RMW
EDM                                            2

1  benefits despite an opinion from plaintiff's treating cardiologist that he was disabled because the
2  administrative record contained an independent medical opinion and in-house medical reviews of
3  plaintiff's file that supported the administrator's determination).  Accordingly, plaintiff's motion is
4  denied.
5      It is so ordered.

7  DATED:      9/7/12

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge